Per Curiam.
Appeal from an order of the Supreme Court (Zwack, J.), entered August 11, 2010 in Albany County, which granted petitioners’ application, in a proceeding pursuant to Election Law § 16-102, to declare invalid the designating petition naming respondent Brian S. McGrath as the Democratic Party candidate for the public office of Member of the State Assembly for the 122nd Assembly District in the September 14, 2010 primary election.
Respondent Brian S. McGrath is seeking to be named the Democratic Party candidate for the public office of Member of the State Assembly for the 122nd Assembly District in the September 14, 2010 primary election. In July 2010, he circulated a designating petition to this effect and, as in the companion *772 case currently before this Court involving McGrath’s Independence Party designating petition for the same office, Matter of Hicks v Walsh (76 AD3d 773 [2010] [decided herewith]), he described the public office as “New York State Assembly—22nd District.” Objections to McGrath’s Democratic Party designating petition were subsequently filed, but the State Board of Elections did not invalidate it.
Thereafter, petitioners commenced this proceeding pursuant to Election Law § 16-102 to invalidate the designating petition. After serving the original verified petition containing the incorrect address of McGrath, petitioners served an amended verified petition correcting this defect. McGrath moved to dismiss the proceeding on the grounds that the verified petition failed to state a cause of action because it did not specify his proper residence address and the amended verified petition was allegedly not served in a timely manner. Petitioners opposed the motion and cross-moved for leave to serve the amended verified petition nunc pro tunc. Supreme Court denied the parties’ cross motions and concluded that the designating petition did not sufficiently specify the public office for which McGrath was running. Accordingly, it invalidated the designating petition and McGrath now appeals.
Initially, McGrath contends that the proceeding must be dismissed because he was substantially prejudiced by petitioners’ inclusion of an incorrect residence address in the verified petition. However, he has not demonstrated that this particular argument is preserved for our review. In any event, his claim of substantial prejudice is not supported by this record.
On the merits, the identical issue that was presented in Matter of Hicks v Walsh (supra) is presented here. That issue is whether the description contained in the designating petition, namely, “New York State Assembly—122nd District,” adequately identified the public office for which McGrath is running. For the reasons stated in Matter of Hicks v Walsh (supra), we conclude that the description was sufficient and the designating petition should not have been invalidated on that basis. Therefore, the order must be modified accordingly.
We have considered the parties’ remaining contentions and find them to be unpersuasive.
Cardona, EJ., Peters, Malone Jr., Kavanagh and Stein, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted the verified petition and invalidated the designating petition naming respondent Brian S. McGrath as the Democratic Party candidate for the public office of Member of the State Assembly for the 122nd *773 Assembly District in the September 14, 2010 primary election; verified petition dismissed and it is declared that said designating petition is valid; and, as so modified, affirmed.